IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESMERALDA SANCHEZ, JUAN SANCHEZ, MARTHA GARCIA and ELIZABETH PERALTA, On Behalf of Themselves and All Others Similarly Situated<br><br>**Plaintiffs,**<br><br>v.<br><br>**SHIPLEY DO-NUT FLOUR & SUPPLY CO., INC., SHIPLEY HOLDING COMPANY, and LAWRENCE W. SHIPLEY, III**<br><br>**Defendants.** | CIVIL ACTION NO. _____ |

## PLAINTIFFS' COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs ESMERALDA SANCHEZ, JUAN SANCHEZ, MARTHA GARCIA and ELIZABETH PERALTA ("Plaintiffs"), on behalf of themselves and others similarly situated, and file this Complaint against Shipley Do-nut Flour & Supply Co., Inc., d/b/a/ Shipley Do-Nuts, Shipley Holding Company (collectively, "Shipley's") and Lawrence W. Shipley, III ("Defendant Lawrence Shipley") (together with Shipley's, "Defendants"), showing as follows:

### I. SUMMARY

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-

being of workers . . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employees. 29 U.S.C. § 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiffs and other similarly situated non-exempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours . . . at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by not paying Plaintiffs and other similarly situated non-exempt employees the applicable required minimum wage.

5. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated non-exempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Plaintiffs bring this collective action under section 216(b) of the FLSA on behalf of themselves and all other similarly situated employees to recover unpaid minimum wages and overtime wages.

## II. JURISDICTION AND VENUE

7. Plaintiffs' claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S:C. § 1331.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside and/or have their primary place of business in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions

giving rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

### III. THE PARTIES

9. Plaintiff Esmeralda Sanchez is a natural person residing in Harris County, Texas. She was employed by Shipley's in Harris County, Texas, from June 2002 to December 2016. Esmeralda Sanchez has standing to file this lawsuit. Her notice of consent is attached as **Exhibit 1**.

10. Plaintiff Juan Sanchez is a natural person residing in Harris County, Texas. He was employed by Shipley's in Harris County, Texas, from April 2008 to December 2016. Juan Sanchez has standing to file this lawsuit. His notice of consent is attached as **Exhibit 2**.

11. Plaintiff Martha Garcia is a natural person residing in Harris County, Texas. She was employed by Shipley's in Harris County, Texas, from April 1988 to December 2016. Martha Garcia has standing to file this lawsuit. Her notice of consent is attached as **Exhibit 3**.

12. Plaintiff Elizabeth Peralta is a natural person residing in Harris County, Texas. She was employed by Shipley's in Harris County, Texas, from October 2008 to December 2016. Elizabeth Peralta has standing to file this lawsuit. Her notice of consent is attached as **Exhibit 4**.

13. Defendant Shipley Do-nut Flour & Supply Co., Inc. is a Texas corporation with its headquarters at 5200 N. Main St., Houston, Texas 77009. Shipley Do-nut Flour & Supply Co., Inc. may be served with process through its registered agent: L.W. Shipley III, 5200 N. Main St., Houston, Texas 77009.

14. Defendant Shipley Holding Company is a Texas corporation with its headquarters at 5200 N. Main St., Houston, Texas 77009. Shipley Holding Company may be served with

process through its registered agent: Lawrence W. Shipley III, 5200 N. Main St., Houston, Texas 77009.

15. Defendant Lawrence Shipley is a resident of Houston, Texas, Harris County, Texas, and may be served at his primary place of business, 5200 N. Main St., Houston, Texas 77009.

16. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For years, Defendants have done business in the State of Texas, and continue to do business in the State of Texas. The incidents giving rise to this lawsuit all occurred in the State of Texas, and in the Houston Division of the Southern District of Texas.

17. The Court has subject matter jurisdiction over this case based on federal question jurisdiction. There is federal question jurisdiction because Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta base their claims in this case on federal law, specifically the FLSA.

18. At all times relevant to this action, Plaintiffs were engaged in commerce because Plaintiffs handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

19. Whenever in this Complaint it is alleged that Shipley's committed any act or omission, it is meant that Shipley's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time of such act or omission was committed, it was done with full authorization, ratification or approval of Shipley's or was done in the routine and normal course and scope of employment of Shipley's officers, directors, vice-principals, agents, servants or employees.

20. Each Defendant in this action was or is an employer and employed or employs all Plaintiffs. On information and belief, each Defendant has been, at all relevant times, an enterprise engaged in commerce within the meaning of the FLSA in that (i) each Defendant had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) each Defendant has an annual gross volume of sales or business of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. On information and belief, all Defendants who employed Plaintiffs shared Plaintiffs' services, shared direct or indirect control over Plaintiffs, and acted in the interest of one another, and thus did and do constitute a joint employer as defined by relevant Department of Labor Regulations. 29 C.F.R. § 791.2.

22. On information and belief, Defendant Lawrence Shipley is or has been an owner and is or has been an officer of the Shipley's Defendants. Defendant Lawrence Shipley has signed one or more of Plaintiffs' paychecks from the account of Shipley Holding Company as its President.

23. On information and belief, Defendant Lawrence Shipley owned, controlled and managed the Shipley's operations. He has the power and exercised the power to hire and fire employees. He hired and terminated all Plaintiffs. He determined Plaintiffs' rates and methods of compensation. He set Plaintiffs' work schedules, instructing them when to come in to work and when to leave work. He controlled all other terms and conditions of Plaintiffs' employment. He is Plaintiffs' employer as that term is defined by the FLSA.

## IV. FACTUAL BACKGROUND

24. Plaintiffs are all former employees of Defendants at Shipley's warehouse and corporate office in Houston, Harris County, Texas. Both facilities are located on the same site on or about 5200 North Main Street in Houston.

25. The Shipley's business involves mixing and preparing products such as yeast mix, fillings and other food goods to be delivered to retail stores and franchises across Texas and other states within the United States. At the North Main Street location in Houston, Shipley's employs non-exempt employees who work in the warehouse, who perform clerical/secretarial functions in the corporate office, and who clean the offices, company-owned houses located adjacent to the warehouse and corporate office and personal residences of Defendant Lawrence Shipley or his family members and of other Shipley's employees.

26. Plaintiff Esmeralda Sanchez was employed in a non-exempt secretarial/clerical position. She answered the phone, took phone orders from retail stores and franchisees, translated from Spanish to English and vice versa, distributed mail, sent store orders to the warehouse, performed data entry, made copies and ran general errands. She was supervised by Defendant Lawrence Shipley. She was paid forty hours each workweek regardless of the number of hours she worked and was not paid any overtime.

27. Plaintiff Martha Garcia was a non-exempt cleaning/housekeeping employee. She cleaned the office and cleaned other properties at the request of Shipley, including personal residences of family members, the company-owned houses located adjacent to the warehouse and corporate office, and Shipley's employees' residences. She was supervised by Defendant Lawrence Shipley. She was paid forty hours each workweek regardless of the number of hours

she worked each workweek and was not paid any overtime. Her hourly rate was $11.00 at the time of her termination.

28. Plaintiff Elizabeth Peralta was a non-exempt cleaning/housekeeping employee. She cleaned the office and cleaned other properties at the request of Shipley, including personal residences of family members, the company-owned houses located adjacent to the warehouse and corporate office, and Shipley's employees' residences. She was supervised by Defendant Lawrence Shipley. She was paid forty hours each workweek regardless of the number of hours she worked each workweek and was not paid for any overtime. Her hourly rate was $9.00 at the time of her termination.

29. Plaintiff Juan Sanchez was a non-exempt warehouse employee. He primarily worked at the Shipley's warehouse for 40-60 hour workweeks with minimal breaks. He was paid forty hours each workweek regardless of the number of hours he worked each workweek and was occasionally paid overtime.

30. All Plaintiffs regularly worked over forty hours per week. Shipley's knew or reasonably should have known that Plaintiffs worked in excess of forty hours per workweek.

31. At the direction of Defendant Lawrence Shipley, Plaintiff Peralta regularly drove her personal vehicle long distances from the Shipley's corporate office and warehouse on N. Main Street to other locations in the Houston area to clean residences or other properties owned by Defendants. The expenses incurred by Plaintiff Peralta in connection with her driving, plus the number of hours she worked in excess of a 40-hour workweek, reduced her minimum wage below the applicable required minimum wage rate. Shipley's never reimbursed Plaintiff Peralta for any mileage or expenses incurred with these trips made at Defendant Lawrence Shipley's request and solely for Defendants' benefit.

32. Shipley's did not pay Plaintiffs or other warehouse and secretarial/clerical and cleaning/housekeeping employees overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

33. Instead, Shipley's paid Plaintiffs and other warehouse and secretarial/clerical and cleaning/housekeeping employees only forty hours for each workweek regardless of how many hours they worked. They received little or no compensation for overtime hours.

34. Plaintiffs Peralta and Garcia were paid an hourly rate of $9.00 per hour. When they worked in excess of 40 hours in a workweek, this wage would produce an hourly rate below the applicable required minimum wage.

35. Peralta's repeated usage of her personal vehicle for trips during the work day at Defendant Lawrence Shipley's request and solely for Defendants' benefit would produce an hourly rate below the applicable minimum wage.

36. Shipley's kept no timekeeping records for Plaintiffs and other warehouse and secretarial/clerical and cleaning/housekeeping employees. On information and belief, Shipley's had a timekeeping clock for a brief period of time in the warehouse, but it quit working and no other method of timekeeping was adopted. Shipley's kept no timekeeping records for the secretarial/clerical and housekeeping/cleaning personnel.

37. Shipley's knew or showed a reckless disregard for whether its pay practices violated the FLSA.

38. Shipley's is liable to Plaintiffs and other non-exempt warehouse and office personnel for unpaid minimum wages and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

39. All current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location are similarly situated to Plaintiffs because they (1) work (or worked) at Shipley's warehouse and corporate office with a fairly small number of employees (less than 100) whose work hours and pay rates were singularly controlled by Defendant Lawrence Shipley; (2) Defendant Lawrence Shipley decided not to pay Plaintiffs and similarly situated warehouse, secretarial/clerical and cleaning/housekeeping employees for overtime hours; (3) Defendants did not keep timekeeping records for Plaintiffs and similarly situated warehouse, secretarial/clerical and cleaning/housekeeping employees; (4) Plaintiffs and similarly situated warehouse, secretarial/clerical and cleaning/housekeeping employees were not paid the applicable minimum wage, as required by 29 U.S.C. § 206(a); (5) Plaintiffs and similarly situated warehouse, secretarial/clerical and cleaning/housekeeping employees were not paid for overtime hours regularly worked in excess of forty hours per workweek, as required by 29 U.S.C. § 207(a)(1); and (6) are entitled to recover their unpaid minimum wages and overtime wages, liquidated damages and attorneys' fees and costs from Shipley's pursuant to 29 U.S.C. § 216(b).

## V. COUNT ONE - FAILURE TO PAY OVERTIME

40. Under the FLSA, employers such as Defendants are generally required to pay non-exempt employees like Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta time and one-half their regular rate for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1). As the Fifth Circuit has stated: "The Fair Labor Standards Act generally requires that employees be paid an overtime premium of 'time-and-one-half' for all hours worked in excess of forty hours in a week." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 U.S.C. § 207(a)(1)).

41. There are some exceptions to this rule (for example, for "computer professionals" as defined by the FLSA and its interpretive regulations), but none of them applied to Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta, or any of their similarly situated current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location. Thus, for every hour Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta worked over 40 in a workweek, Defendants were required by the FLSA to pay them time-and-one-half their regular rate. Defendants, however, failed to do that. Thus, Defendants violated the FLSA rights of Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta.

42. Defendants owe Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta an equal amount in liquidated damages. This is so because, under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). While an employer may try to avoid liquidated damages by showing its FLSA violations was in "good faith," that is a standard that is extremely difficult to satisfy. As the Fifth Circuit has put it, "[a]n employer 'faces a "substantial burden" of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA.'" *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)).

43. Defendants have no evidence that its violation of the FLSA's basic "time-and-one-half" overtime rule was in "good faith." The fact is that the rule Defendants violated is so basic that it could not have been in "good faith," but must instead have been willful. This is especially obvious given that Shipley's has previously been sued for FLSA violations. *See*

*Alvarado et al. v. Shipley Donut Flour & Supply Co., Inc.*, 4:06-CV-02113 (S.D. Tex. June 22, 2006); *Chavez-Cipriano et al. v. Shipley Donut Flour & Supply Co., Inc.*, 4:07-CV-02314 (S.D. Tex. July 15, 2007).

44. All conditions precedent, if any, to this suit, have been fulfilled.

45. At all material times, Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta were employees under the FLSA. 29 U.S.C. § 203(e).

46. At all material times, warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location similarly situated to Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta were and are employees under the FLSA. 29 U.S.C. § 203(e).

47. At all material times, Defendants were and are a covered employer under the FLSA. 29 U.S.C. § 203(d).

48. At all material times, Defendant Lawrence Shipley was and is a covered employer under the FLSA. 29 U.S.C. § 203(d).

49. At all material times, Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta and those current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location similarly situated to Plaintiffs routinely worked in excess of 40 hours per seven-day workweek, and Defendants knew that.

50. At all material times, Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta and those current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and

corporate office location similarly situated to Plaintiffs were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

51. At all material times, Defendants failed to pay Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta and those current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location similarly situated to Plaintiffs overtime compensation of one and one-half their regular hour rate of pay for hours worked over 40 in a seven-day workweek. Rather, at all material times, Defendants only paid Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta and those similarly situated to Plaintiffs regular straight-time for a 40-hour workweek and paid them nothing for hours worked in excess of 40 hours in a workweek.

52. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

53. Defendants did not and have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.

## VI. COUNT TWO -FAILURE TO PAY MINIMUM WAGE

54. Plaintiffs adopt by reference all of the facts set forth above. *See* FED. R. CIV. P. 10(c).

55. Defendants knowingly, willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

56. Further, Defendants willfully required Plaintiff Peralta to incur expenses while driving her personal vehicle at the request of Defendants and solely for their benefit. The

expenses she incurred further reduced her wages below the minimum wage in violation of 29 U.S.C. § 206(a) and applicable regulations, specifically 29 C.F.R. § 531.35.

57. Because of Defendants' willful violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, and an amount equal in the form of liquidated damages, as well as reasonable attorneys' fees and costs of action, including pre-judgment interest, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### VII. COUNT THREE - FAILURE TO MAINTAIN ACCURATE RECORDS

58. Plaintiffs adopt by reference all of the facts set forth above. *See* FED. R. CIV. P. 10(c).

59. The FLSA requires employees to keep accurate records of hours worked by non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

60. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records, as required by the FLSA.

### VIII. COUNT FOUR - COLLECTIVE ACTION ALLEGATIONS

61. Plaintiffs adopt by reference all of the facts set forth above. *See* FED. R. CIV. P. 10(c).

62. On information and belief, other current and former employees of Shipley's have been victimized by the violations of the FLSA committed by Defendants, as identified above.

63. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007).

64. All current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location are similarly situated to Plaintiffs because they (1) work (or worked) at Shipley's warehouse and corporate office with a fairly small number of employees (less than 100) whose work hours and pay rates were singularly controlled by Defendant Lawrence Shipley; (2) Defendant Lawrence Shipley decided not to pay Plaintiffs and similarly situated warehouse, office secretarial/clerical and cleaning/housekeeping employees for overtime hours; (3) Defendants did not keep timekeeping records for Plaintiffs and similarly situated warehouse, office secretarial/clerical and cleaning/housekeeping employees; (4) Plaintiffs and similarly situated warehouse, office secretarial/clerical and cleaning/housekeeping employees were not paid the applicable minimum wage, as required by 29 U.S.C. § 206(a); (5) Plaintiffs and similarly situated warehouse, office secretarial/clerical and cleaning/housekeeping employees were not paid for overtime hours regularly worked in excess of forty hours per workweek, as required by 29 U.S.C. § 207(a)(1); and (6) are entitled to recover their unpaid minimum wages and overtime wages, liquidated damages and attorneys' fees and costs from Shipley's pursuant to 29 U.S.C. § 216(b). This class of similarly situated employees does not include warehouse foremen or supervisors who were/are properly treated as exempt under the FLSA.

65. Defendants' policy or practice of failing to pay the legally-required minimum wage and overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. On information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, and, thus, collective action treatment is appropriate.

66. Accordingly, Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "all current and former non-exempt warehouse, secretarial/clerical and cleaning/housekeeping employees of Shipley's at the warehouse and corporate office location at 5200 North Main Street in Houston who were employed by Shipley's during the three-year period preceding the filing of this complaint."

## IX. JURY DEMAND

67. Plaintiffs demand a jury trial.

## X. DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a citation for Defendants to appear and answer, and that Plaintiffs Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta and those current and former non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Defendants at the warehouse and corporate office location similarly situated to Plaintiff Esmeralda Sanchez, Juan Sanchez, Martha Garcia and Elizabeth Peralta, be awarded a judgment against Defendants for the following:

a. Actual damages in the amount of unpaid overtime wages;

b. Liquidated damages under the FLSA;

c. Prejudgment and post-judgment interest;

d. Court costs;

e. Reasonable attorneys' fees; and

f. All other relief to which Plaintiffs and those similarly situated to Plaintiffs and those former and current non-exempt warehouse and secretarial/clerical and cleaning/housekeeping employees of Defendants at the warehouse and corporate office location in Houston similarly situated to Plaintiffs are justly entitled.

Respectfully submitted,

# MATÍAS J. ADROGUÉ
**PROFESSIONAL LIMITED** Liability **COMPANY**

By:    /s/ Matías J. Adrogué
Matías J. Adrogué
**Attorney-In-Charge**
State Bar No. 24012192
Southern District ID. 30647
service@mjalawyer.com
Leila M. El-Hakam
**Of Counsel**
State Bar No.24007147
Southern District ID. 665005
1629 West Alabama St.
Houston, TX 77006
Telephone: (713) 425-7270
Fax: (713) 425-7271
service@mjalawyer.com

**ATTORNEYS FOR PLAINTIFFS ESMERALDA SANCHEZ, JUAN SANCHEZ, MARTHA GARCIA and ELIZABETH PERALTA**

**OF COUNSEL**:

By: */s/ Karla Evans Epperson*
Karla Evans Epperson
State Bar No. 24002067
Southern District ID 21972
karla@keelawtx.com
6629 Brompton Rd.
Houston, TX 77005
Telephone: (713) 775-8785

**ATTORNEYS FOR PLAINTIFFS ESMERALDA SANCHEZ, JUAN SANCHEZ, MARTHA GARCIA and ELIZABETH PERALTA**